## COWLES V. ROBINSON.

1. A partner who admits that he made a contract for cutting partnership hay, agreeing to pay for it himself and charge it to the firm, and that, when the hay was cut, he was paying men employed on the ranch out of his own funds, the partnership having been in process of dissolution when the contract was made, may be sued alone for the services, though plaintiff knew of the partnership.

2. The action being for services in cutting the hay, evidence of a transaction in which defendant sold a portion of the hay to plaintiff, and plaintiff resold the hay to defendant, and which is afterwards regarded by them as canceled, is improperly admitted; but, a judgment having been given for plaintiff for the services, without any charge for the hay resold, its admission is not reversible error.

*Appeal from Custer County Court.*

. ACTION by John W. Robinson against William Cowles on an account. Judgment for plaintiff, and defendant appeals.

Mr. GEORGE S. ADAMS, for appellant.

Mr. M. M. KELLOGG, for appellee.

BECK, C. J.   This action was originally instituted before a justice of the peace of Custer county by the plaintiff, Robinson, for the recovery of the following items of account, as the same were noted upon the justice's docket, and afterwards tried in the county court on appeal from the justice's judgment:

| | | |
|---|---:|---:|
| Cutting and putting up two hundred and eleven tons of hay, at $2.75 per ton............................................... | $580 | 25 |
| Damages by loss of time on account of defendant's mower being out of repairs, six men, six days, at $1.25................ | 45 | 00 |
| Board, six men, one week, at $5 per week.................... | 30 | 00 |
| Oats purchased by defendant................................ | 2 | 95 |

*Cr.*

| | | |
|---|---:|---:|
| Credit given defendant...................................... | $326 | 83 |
| Balance due plaintiff....................................... | 291 | 37 |

The defense interposed by Cowles was a denial of his liability.   Upon trial in justice's court the plaintiff was nonsuited, but on appeal to the county court he recovered judgment against defendant, Cowles, in the sum of $177.50, and costs of suit, from which judgment the present appeal is prosecuted.

It was developed on the trial in the county court that the defendant, Cowles, and one W. T. Frink entered into a copartnership arrangement in a cattle ranch in Custer county, in the month of February, 1883.   Efforts had been made to dissolve this partnership prior to the cutting of the hay in August, 1884, and Frink testified that it had been dissolved, while Cowles said it still existed. It appears that the land on which the hay was cut be-

longed jointly to the partners, Frink owning two-thirds thereof, and Cowles one-third, and that both were interested in like proportions in the hay grown thereon. The horses had been divided between the partners prior to the 1st day of August, and they were engaged in dividing the cattle about the 1st of August, when the contract for cutting the hay was made by Cowles with Robinson. It is clear that the subject-matter of the contract related to the property rights of both partners; and, had the suit been instituted against them jointly, we perceive no reason why it should not have been sustained. But, on the other hand, the circumstances of the case interposed no obstacle in the way of defendant, Cowles, making himself personally responsible to Robinson for the cutting and putting up of the hay, if he chose to do so. 1 Lind. Partn. *339. It becomes, therefore, a question of intention whether Cowles made himself personally responsible or not. Referring to his own testimony, it is clearly against him on this point.

After testifying on his own behalf that the partnership had not been dissolved when he hired the plaintiff to cut the hay, he was asked, on cross-examination, whether he had not stated to Conrad Leasch, at the ranch, while the hay was being cut, that Frink would not pay his share for cutting, and that he (Cowles) had hired Robinson to cut it and would hold the hay for the cutting. His answer was, "I do not know the man or anything about it;" a rather unsatisfactory answer. Further on in his cross-examination he said, "I agreed to pay him for cutting of the hay, and charge it up to the firm of W. T. Frink & Co." The following question was then asked him: "Did you testify on the trial of this cause before J. W. Milsam, Esq., that you never agreed to pay Mr. Robinson for the cutting of that hay, but that it was contracted for by W. T. Frink & Co., or words to that effect?" To which he answered: "I don't think I did. If I did answer it in that way, it was a mistake. I did not understand

the question, * * * as I agreed to pay for the cutting of the hay for W. T. Frink & Co." In another portion of his testimony he stated that he had paid the men employed on the ranch out of his individual funds after the 1st of August.

The foregoing admissions of the defendant, taken in connection with the testimony of the plaintiff that he had made the contract with Cowles, are sufficient to sustain the action in its present form. While it is true the plaintiff knew of the partnership relations existing between Frink and Cowles, and supposed them to be both interested in the hay in question, it is but reasonable, in view of the attempt then being made to dissolve the partnership, that this contract should have been with Cowles alone, as both plaintiff and defendant in fact say it was made. Upon this branch of the case our conclusion is that the suit was properly brought against Cowles alone.

Is the judgment sustained by the evidence? The only obstacle in the way of answering this question in the affirmative is the sale and resale of the hay. The plaintiff admitted that he agreed with Cowles to take in full payment for cutting the hay one hundred and twenty-nine tons of the same hay at $5 per ton, and that Cowles thereupon executed and delivered him a bill of sale for that quantity. But he says further that he did not move the hay; that no particular stack was pointed out as the one sold to him; and that later in the season he sold the hay back to Cowles at the same price he had taken it at. In one breath he says he returned the bill of sale when he sold the hay back, and in the next that he made Cowles a bill of sale at that time. He also says that he received part of the consideration, amounting to $100, when he resold the hay.

The testimony relating to the sale and resale of the hay was objected to by counsel for defendant Cowles, and its admission is relied upon as error. If both parties subsequently treated these transactions as canceling each other,

leaving the accounts unchanged, save by the $100 payment, then the testimony concerning the sale of the hay was immaterial and irrelevant. That they did so treat these transactions is evident from their subsequent efforts to settle the accounts between them, each party bringing forward his original bill of items against the other, but neither of them containing charge or credit concerning the purchase or sale of hay. The testimony concerning this transaction was not properly admissible, since no claim for hay sold defendant was included in the account sued on. But it is clear that the recovery was not based, to any extent, on this transaction. It does not, therefore, constitute reversible error.

Having now before us the original accounts of the parties, together with the history of the circumstances under which they were contracted, we are of the opinion that the judgment of the county court was practically correct and did justice between the litigants. The objections urged are technical rather than substantial. It is not even objected that the judgment in favor of the plaintiff is excessive. The judgment will be affirmed.

*Affirmed.*